UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

DARRELL DEWAYNE VOGLE                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 5:21-CV-P98-TBR

SHAWN GOARD et al.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Darrell Dewayne Vogle, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, Plaintiff's claims will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff, a convicted prisoner, was incarcerated at the Marshall County Detention Center (MCDC) at the time pertinent to his complaint.  He names as Defendants Deputy Jailer Shawn Goard in his individual and official capacities, as well as the MCDC and the Kentucky Department of Corrections (KDOC).  He alleges that on May 4, 2021, Defendant Goard, who was agitated because certain lights were not working, grabbed Plaintiff by the neck and dragged/pushed him towards the door.  Plaintiff states that due to nerve damage and "nero fibrosis" Defendant Goard could not move Plaintiff as fast as he wanted.  Plaintiff alleges that Defendant Goard slammed him into the wall and floor, thereby "reinjuring" his shoulder, neck, arm, back, and leg; punched him; placed a taser at the back of his head and threatened to "tase [his] brain"; dragged him; placed him in handcuffs; put him in the "drunk cell"; and refused him medical treatment.

As relief, Plaintiff requests punitive and monetary damages and to have Defendant Goard "relieved of employment."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims against Defendant Goard in his official capacity and against MCDC

Plaintiff's claims against Defendant Goard in his official capacity and against MCDC are in actuality brought against Marshall County as the real party in interest.  *Jackson v. Gill*, 70 F. App'x 249, 250 (6th Cir. 2003) (explaining that where county employees "were sued in their official capacity, the real party in interest was the county government"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Even reading the complaint liberally, the Court finds Plaintiff has not alleged a Marshall County custom or policy of denying him his constitutional rights. Therefore, the official-capacity claims against Defendant Goard and the claims against MCDC will be dismissed for failure to state a claim upon which relief may be granted.

### B. Claims against KDOC

KDOC is a state agency.  Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir.2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").  Therefore, Plaintiff's monetary claims against KDOC will be dismissed.

### C. Request to have Defendant Goard fired

Finally, Plaintiff cannot seek relief in the form of having an employee fired.  The Court does not have the authority to grant this type of relief under § 1983.  *See, e.g., Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684 at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-cv-143, 2013 WL 1326947 at *3 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees.").  Thus, the Court will

dismiss Plaintiff's request for injunctive relief in the form of having Defendant Goard relieved of his position for failure to state a claim upon which relief may be granted.

**The Court will allow Plaintiff's individual-capacity claims for monetary and punitive damages against Defendant Goard for violations of Plaintiff's Eighth Amendment rights to continue**.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against the Marshall County Detention Center, the Kentucky Department of Corrections, and Defendant Goard in his official capacity, and for termination of Defendant Goard are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant immune from such relief.

The Clerk of Court is **DIRECTED** to terminate the Marshall County Detention Center and the Kentucky Department of Corrections as Defendants in this action.

The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims in this case.

Date:  November 23, 2021

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      Marshall County Attorney
4413.009